IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL TAYLOR,

*Petitioner*,

v.

UNITED STATES OF AMERICA,

*Respondent*.

Crim. No. ELH-12-570
Related Civil No. ELH-19-2863

**MEMORANDUM**

This Memorandum resolves a Motion to Vacate, Set Aside, or Correct Sentence filed on September 30, 2019, by Daniel Taylor, the self-represented petitioner, under 28 U.S.C. § 2255. ECF 72 (the "Petition").  The government responded in opposition, ECF 80, with exhibits.  It asserts that the Petition is time-barred and also without merit.  *Id*.  No reply has been filed.

On August 11, 2022, Taylor also filed a motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF 94.  That motion is not yet ripe.  Therefore, this Memorandum addresses only the Petition.

The Court finds no need for a hearing.  For the reasons stated below, I shall deny the Petition as untimely.  And, a Certificate of Appealability shall not issue.

**I. Factual and Procedural Background**

Petitioner was charged in a one-count Indictment on October 25, 2012, with the offense of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  ECF 1. Pursuant to a Plea Agreement (ECF 40), Taylor entered a plea of guilty on August 9, 2013, before Judge William D. Quarles, Jr., to whom the case was then assigned.  ECF 39.[1]  The plea was

---

[1] The case was reassigned to me on September 30, 2019, due to the retirement of Judge Quarles.  *See* Docket.

tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of imprisonment of 180 months.   ECF 40, ¶ 9.   In addition, the parties stipulated that Taylor committed the underlying offense subsequent to three felony convictions for either a crime of violence or a controlled substance offense.   *Id.* ¶ 6(b).   And, in ¶ 12 of the Plea Agreement, defendant reserved the right to appeal the denial of his pretrial motion to suppress evidence.   *See also* ECF 38 (Memorandum Opinion of August 16, 2013).

The Presentence Report ("PSR") is docketed at ECF 46.   The PSR determined that Taylor qualified as "an armed career criminal" within the meaning of § 4B1.4 of the sentencing guidelines ("Guidelines" or "U.S.S.G").   *Id.* ¶ 21; *see also* 18 U.S.C. § 924(e).   Based on that finding, Taylor's offense level increased from 24 to 33.   ECF 46, ¶¶ 20, 21.   He earned two deductions based on acceptance of responsibility, under U.S.S.G. § 3E1.1(a).   *Id.* ¶ 22; see also ECF 40, ¶ 6(c).

Taylor had 16 criminal history points, which established a criminal history category of VI. *Id.* ¶ 57.   Alternatively, because Taylor was deemed an armed career criminal, he had a criminal history category of VI under U.S.S.G § 4B1.1.   *Id.* ¶¶ 57-59.

Based on a final offense level of 31 and a criminal history category of VI, the Guidelines called for a period of incarceration ranging between 188 to 235 months.   *Id.* ¶ 78.   *Id.*

Sentencing was held on February 26, 2014.   ECF 57.   During sentencing, Taylor's defense counsel stated that he read and reviewed the PSR with Taylor and confirmed that there were no corrections.   ECF 67 at 2-3.   In accordance with the Plea Agreement, Judge Quarles imposed a sentence of 180 months' imprisonment.   ECF 58.

Taylor appealed his conviction to the Court of Appeals for the Fourth Circuit on March 7, 2014.   *See* ECF 61; ECF 62.   The Fourth Circuit affirmed on March 3, 2015, in an unpublished,

per curiam opinion.  ECF 70; ECF 71.  Taylor's writ of certiorari to the United States Supreme Court was denied on October 5, 2015.  *See Taylor v. United States*, 577 U.S. 889, 889 (2015).

Years later, on September 30, 2019, Taylor filed the Petition.  ECF 72.  He argues that he should not have been designated a "career criminal" because the cases used for this designation "are not felonies," two convictions have been expunged, and some of his convictions are over fifteen years old.  *Id.* at 4.  Taylor does not specify which convictions are not felonies, nor does he identify the convictions that were purportedly expunged.

By Order of November 25, 2019, I directed the government to respond to Taylor's Petition.  ECF 73.  The government filed its Response on May 14, 2020.  ECF 80.  It argues that the Petition was untimely filed and that there are no grounds for equitable tolling.  *Id.* at 3-4.  In the alternative, the government contends that Taylor's contentions lack merit.  *Id.* at 4-6.

On June 11, 2020, through the office of the Federal Public Defender ("FPD"), Taylor filed a supplemental motion to vacate his conviction under 28 U.S.C. § 2255, and pursuant to *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019).  ECF 87.  However, the FPD subsequently dismissed the supplemental motion.  ECF 89.  But, Taylor did not withdraw the claims in his original Petition.

## II. Discussion

The grounds for collateral relief under 28 U.S.C. § 2255 are narrower than those for relief on direct appeal.  A motion under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *See Hill v. United States*, 368 U.S. 424, 426-27 (1962);

*United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Pursuant to § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Notably, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

In resolving the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief . . . ." *See United States v. LeMaster*, 403 F.3d 216, 220-23 (4th Cir. 2005). This is such a case; no hearing is necessary.

The government claims that the Petition was untimely filed, and is barred by the one-year period of limitations applicable under 28 U.S.C. § 2255(f). ECF 80 at 3. That period runs from the latest of: (1) the date on which the conviction became final; (2) the date on which an

"impediment to making a motion created by government action" is removed, if the movant was prevented from making his motion by government action that was in violation of the Constitution or law; (3) the date on which the right asserted was recognized by the Supreme Court, if that newly-recognized right has been made retroactive to cases on collateral review; or (4) the date on which the facts supporting the claims could have become known through the exercise of due diligence. *Id.*

The Supreme Court denied Taylor's certiorari petition on October 5, 2015.  It follows that, pursuant to § 2255(f)(1), petitioner was required to file his motion to vacate on or before October 5, 2016.  However, the Petition was not filed until September 30, 2019, nearly three years after the expiration of the deadline.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'"  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).   For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'"  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner need show only "reasonable diligence"; there is no requirement for "maximum feasible diligence."  *Holland*, 560 U.S. at 653 (citation omitted).

Taylor does not claim any impediment that interfered with his ability to timely file his Petition.  Nor has he identified a right newly recognized by the Supreme Court and made retroactive to his case on collateral review.  Moreover, there are no newly discovered facts that support his Petition.  Accordingly, equitable tolling does not apply, and the Petition is barred by the limitations period set forth in 28 U.S.C. § 2255(f)(1).  On this basis, it is subject to dismissal.

Assuming, *arguendo*, that Taylor's claims are not time-barred, the Petition would fail on the merits.  The PSR identified four predicate convictions undergirding the determination that Taylor qualified as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e).  ECF 46, ¶ 21.  In particular, in 1993, Taylor was convicted of possession with intent to distribute heroin, and received a sentence of two years, six months, and one day (*id.* ¶¶ 36, 37, 38); in 1996, Taylor was convicted of possession with intent to distribute cocaine, and was sentenced to seven years of incarceration (*id.* ¶¶ 45, 46, 47); in 2002, Taylor was convicted of distribution of heroin, and received a seven-year sentence with all but six months suspended (*id.* ¶¶ 48, 49, 50); and, in 2004, Taylor was convicted of first-degree assault, for which he received a sentence of 25 years of imprisonment, of which 18 years were suspended.  *Id.* ¶¶ 51, 52, 53.

In this case, defendant was convicted under 18 U.S.C. § 922(g).  That provision deems it unlawful for a convicted felon, among other things, to possess a firearm or ammunition.  18 U.S.C. § 922(g)(1).  And, § 924(e)(1) applies to a person who has violated § 922(g) and who also has three or more prior convictions, either for "a violent felony" and/or "a serious drug offense . . . ."  It is known as the Armed Career Criminal Act ("ACCA").

In particular, § 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different

from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."  So, an Armed Career Criminal is a person convicted under 18 U.S.C. § 922(g) who also has three previous convictions for either a violent felony or a serious drug offense, or both.  The mandatory penalty for such a person is not less than fifteen years of imprisonment.  18 U.S.C. § 924(e)(1).

The Armed Career Criminal Act defines the term "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" that is punishable by ten years or more of imprisonment.  18 U.S.C. § 922(e)(2)(A)(ii).  Thus, in order to qualify as a serious drug offense, defendant's prior Maryland convictions must have prescribed a *potential* maximum term of imprisonment of at least ten years.

Nevertheless, a State court need not *impose* a sentence of at least ten years for a particular offense, in order for that offense to qualify as a predicate under ACCA.  In *United States v. Newbold*, 791 F.3d 455, 462 (4th Cir. 2015), the Court said: "The controlling inquiry . . . is not what sentence [the defendant] actually received for [the drug offense] . . . .  Instead, we must determine the maximum penalty that [the defendant] potentially faced given his particular offense . . . ."

In other words, the fact that defendant may not have received a sentence of ten years is irrelevant.  This is because the definition of "serious drug offense" does not turn on the length of the sentence that was actually imposed.  Rather, it turns on the maximum sentence that, by law, could have been imposed.  *Cf. United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012).

Under Maryland law, the offenses of distribution or possession with intent to distribute heroin or cocaine are subject to a twenty-year maximum term of imprisonment.  Md. Code, Crim. Law § 5-608(a).  Therefore, Taylor's three prior felony drug convictions were "serious drug

offenses" under the ACCA and qualified as predicate convictions.  *See*, *e.g.*, *United States v. Johnson*, CCB-10-716, 2016 WL 2594728, at *3 (D. Md. May 5, 2016) (concluding that defendant's 1991 and 1994 convictions for possession with intent to distribute cocaine under Maryland law were predicate convictions for purposes of the ACCA).

The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  Under Maryland law, a person is guilty of first-degree assault if he "intentionally cause[s] or attempt[s] to cause serious physical injury to another."  Md. Code, Crim. Law § 3-202.  Because the elements of first-degree assault under Maryland law encompass the use or attempted use of physical force, Taylor's 2004 first-degree assault conviction amounted to a "violent felony" under the ACCA.  *See United States v. Proctor*, 28 F. 4th 538 (4th Cir. 2022) (concluding that an assault with intent to prevent lawful apprehension under Maryland law is not a violent felony); *United States v. Redd*, 372 F. App'x 413, 415 (4th Cir. 2010) (per curium) (concluding that the Maryland crime of first-degree assault is a violent felony).

Taylor also argues that some "cases are long past 15 years" in age, and thus cannot be used against him. ECF 72 at 4.  Although U.S.S.G. § 4A1.1 contains temporal restrictions for certain prior convictions, the ACCA does not.  *United States v. Murel*, 502 F. App'x 291, 294 (4th Cir. 2012) (concluding that time restrictions do not apply for purposes of the ACCA).

In sum, Taylor properly qualified as an Armed Career Criminal under the ACCA.  On this basis, there is no merit to Taylor's Petition.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a Certificate of Appealability ("COA") when it enters a final order adverse to the applicant.  A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[2]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Taylor has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows, consistent with this Memorandum.

Date:   October 7, 2022                                 _____/s/_____
                                                                          Ellen Lipton Hollander
                                                                          United States District Judge

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.